UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIERMAN PRODUCE EXCHANGE INC.,

                Plaintiff,

-against-

BRACH SUPER LLC

                Defendant.

Case No.:

**COMPLAINT** (to Enforce Payment From Produce Trust)

---

FIERMAN PRODUCE EXCHANGE, INC. (hereinafter referred to as "FIERMAN" or "plaintiff"), for its complaint against defendants, alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the substantial events constituting the claims arose in this District.

### PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, BRACH SUPER LLC. ("BRACH SUPER"), upon information and belief, is a New York corporation with a principal place of business at 11 Lawrence Lane, Lawrence, New York 11559, and was at all times pertinent herein, a dealer and commission merchant and subject

1

to and licensed under the provisions of the PACA as a dealer and commission merchant.

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499(c).

6. FIERMAN sold and delivered to defendant, BRACH SUPER, in interstate commerce, $35,489.50 worth of wholesale quantities of produce.

7. Defendant, BRACH SUPER, has failed to pay for the produce when payment was due, despite repeated demands and presently owe plaintiff $35,489.50.

8. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

9. Plaintiff preserved its interest in the PACA trust in the amount of $35,489.00 and remains a beneficiary until full payment is made for the produce.

10. The defendants are experiencing severe cash flow problems and are unable to pay plaintiff for the produce plaintiff supplied.

11. The defendants' failure and inability to pay show that defendants are failing to maintain sufficient assets in the statutory trust to pay plaintiff and are dissipating trust assets.

**COUNT 1 AGAINST BRACH SUPER**
**(FAILURE TO PAY TRUST FUNDS)**

12. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13. The failure of defendant to make payment to plaintiff of trust funds in the amount of $35,489.50 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $35,489.50 to plaintiff.

### COUNT 2 AGAINST BRACH SUPER
### (FAILURE TO PAY FOR GOODS SOLD)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendant failed and refused to pay plaintiff $35,489.50 owed to plaintiff for produce received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $35,489.50 against the defendant.

### COUNT 4 AGAINST BRACH SUPER
### (INTEREST AND ATTORNEY'S FEES)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. As a result of defendants' failure to make full payment promptly of $35,489.50, plaintiff has lost the use of said money.

18. As a further result of defendant's failure to make full payment promptly of $32,148.00, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant to comply with their statutory duties.

Dated this 13th day of March, 2008

Respectfully submitted,

KREINCES & ROSENBERG, P.C.

By: _____
LEONARD KREINCES (LK/6524)
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500

Z:\kreinces1\WORK\HUNTSPOINT\FIERMAN\Brach Super\Complaint.PACA.wpd