UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------       08-CV-2885
FIERMAN PRODUCE EXCHANGE INC.,

           - Plaintiffs,

                                            **ANSWER**

       - against -                            (Document Electronically filed)

BRACH SUPER LLC,

           - Defendant
---------------------------------------------------------

      Defendant, BRACH SUPER LLC, having appeared in this lawsuit through its attorney, Paul M. Sod, Esq., 337R Central Avenue, Lawrence, New York 11559, respectfully answers the plaintiff's complaint as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph #1 of the plaintiff's complaint and refers all questions of law to the court.

      2.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph #2 of the plaintiff's complaint and refers all questions of law to the court.

      3.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph #3 of the plaintiff's complaint and refers all question of law to the court.  However, defendant acknowledges that the plaintiff made certain sales of grocery items to the defendant at various times heretofore.

      4.     Denies the allegations in paragraph #4 of plaintiff's complaint, but admits that defendant maintains a place of business at the address stated, to wit, 11 Lawrence Lane, Lawrence, New York 11559, and refers all questions of law to the court.

5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph #5 of the plaintiff's complaint and refers all questions of law to the court.

6.    The defendant admits that certain sales of grocery products were made from the plaintiff to the defendant, but otherwise denies the allegations in the complaint, and refers all questions of law to the court.

7.    Denies the allegations contained in paragraph #7 of the plaintiff's complaint.

8.    Denies the allegations contained in paragraph #8 of the plaintiff's complaint, but refers all questions of law to the court.

9.    Denies the allegations contained in paragraph #9 of the plaintiff's complaint and refers all questions of law to the court.

10.    Denies the allegations contained in paragraph #10 of the plaintiff's complaint.

11.    Denies the allegations contained in paragraph #11 of the plaintiff's complaint.

12.    Repeats, reiterates and realleges each and every response to the allegations incorporated by reference in paragraph #12 of plaintiff's complaint.

13.    Defendant denies that it failed to make the payments as alleged in paragraph 13, and it denies violation of any statutory trust, but refers all questions of law to the court.

14.    Repeats, reiterates and realleges each and every response to the plaintiff's various allegations incorporated by reference into paragraph #14 of the plaintiff's complaint.

15.    Defendant denies that it failed and refused to pay for the grocery products which the plaintiff sold to the defendant, as plaintiff alleges in paragraph #15 of the complaint.

16.    Repeats and reiterates each and every response to the allegations of the plaintiff's incorporated by reference in paragraph #16 of the plaintiff's complaint.

17.    Denies knowledge or information sufficient to form a belief as to the allegation contained in paragraph #17 of the plaintiff's complaint.

18.    Denies the allegations contained in paragraph 18 of plaintiff's complaint.

FIRST AFFIRMATIVE DEFENSE

19.    The defendant is not a commission merchant, broker or dealer, thus is not regulated by the Perishable Agricultural Commodities Act 7 U.S.C. § 499A-S ("PACA"). As a result, the court lacks jurisdiction over this dispute and this action must be dismissed.

SECOND AFFIRMATIVE DEFENSE

20.    Some or all of the grocery products sold by plaintiff to the defendant were not perishable agricultural commodities within the meaning of the PACA and thus to some extent, in whole or in part, this court lacks jurisdiction to hear the within dispute, and this action must be dismissed. 7 U.S.C. § 499a (b) (4) (2007).

THIRD AFFIRMATIVE DEFENSE

21.    The sale of grocery products in question did not involve interstate commerce, nor was there any expectation that the grocery products sold would ultimately be moved through one state to another, thus PACA is inapplicable. This court lacks jurisdiction and this action must be dismissed. 7 U.S.C. §499a (b) (c).

## FOURTH AFFIRMATIVE DEFENSE

22.     Some or all of the grocery products sold were rejected or destroyed by the defendant with reasonable cause, and thus to the extent that there was any such rejection or destruction, PACA is inapplicable, and this court lacks jurisdiction. 7 U.S.C. §499b (2007).

23.     Furthermore, defendant cannot be held liable for the part of plaintiff's merchandise that was reasonably rejected or destroyed.

## FIFTH AFFIRMATIVE DEFFENSE

24.     The plaintiff failed to preserve its right to trust benefits and did not send a timely notice of the intent, or any other documents or claim forms which were necessary so as to preserve its rights. 7 U.S.C. §499e (c) (2007); 7 U.F.R. §46.46 (2007).

## SIXTH AFFIRMATIVE DEFENSE

25.     The defendant tendered checks in full or partial satisfaction of the sums which were due and owing, and plaintiff, while retaining possession thereof, has never presented the checks for payments.  As such, the plaintiff has no rights to collect interest and/or attorneys fees on any sums this court may adjudicate that the defendant ultimately owes herein.

## SEVENTH AFFIRMATIVE DEFENSE

26.     The named defendant, Brach Super LLC, is not a legal entity and is not the party to whom plaintiff sold grocery products.  This action should thus be dismissed.

Dated: Lawrence, New York
      April 29, 2008

                                       Yours etc.,

                                       PAUL M. SOD (PS -9170)
                                       Attorney for Defendant
                                       337 R Central Avenue
                                       Lawrence, New York 11559
                                       (516) 295-0707

TO:    Kreines & Rosenberg, P.C.
        Attorneys for Plaintiffs
        900 Merchants Concourse, Suite 305
        Westbury, NY 11590
        Fax (516) 227-6594

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
FIERMAN PRODUCE EXCHANGE INC.,

                     - Plaintiffs,

         - against -

BRACH SUPER LLC,

                    - Defendant

------------------------------------------------------------

08-CV-2885

AFFIRMATION OF
SERVICE

(Document Electronically filed)

       I, the undersigned attorney at law, affirm under penalties of perjury that on this date, I served the undersigned's Notice of Appearance on the attorneys below listed by DHL overnight delivery and ECF within the Southern District of New York:

TO:    Kreines & Rosenberg, P.C.
        Attorneys for Plaintiffs
        900 Merchants Concourse, Suite 305
        Westbury, NY 11590
        Fax (516) 227-6594

                                                      _____
                                                      PAUL M. SOD

Affirmed to be true this
April 29, 2008